FILED
HARRISBURG, PA
PER
MAR 06 2026
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:26-CR-00039 |
| | ) | |
| v. | ) | (Judge Mannion) |
| | ) | |
| JIMEL JOHNSON | ) | (Case Under Seal) |

## MOTION FOR DETENTION HEARING AND TO DETAIN

The United States of America, through counsel, moves for a detention hearing and the detention of Defendant, Jimel Johnson. In support, the United States avers the following:

1.    On March 4, 2026, a federal grand jury returned an indictment against Johnson for transportation of a minor with intent to engage in sexual activity, in violation of 18 U.S.C. § 2423(a), and four counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

2.    On March 6, 2026, Johnson is scheduled to initially appear before Magistrate Judge Susan E. Schwab.

3.    In advance of the above-referenced proceeding, the United States moves for a detention hearing and, ultimately, Johnson's detention.

4.     A detention hearing is warranted because Johnson is charged with an offense for which the maximum sentence is life imprisonment and a felony that involves a minor victim.  18 U.S.C. §§ 3142(f)(1)(B), (E).

5.     The Court should detain Johnson pending trial because no condition or combination of conditions will reasonably assure his appearance as required.

6.     With respect to the United States' request for detention:

    a.     A presumption arises that no condition or combination of conditions will reasonably assure the appearance of Johnson as required and the safety of the community.  To that end, a federal grand jury found probable cause to indict Johnson for offenses involving a minor victim under 18 U.S.C. §§ 2252A(a)(2) and 2423. *See, e.g., United States v. Wimbush*, No. 19-134, 2021 WL 1811668, *8 (D.N.J. May 6, 2021) (citing *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986) ("The presumption in favor of detention applies, pursuant to 18 U.S.C. § 3142(e)(3)(A), because a Grand Jury has found probable cause to believe that Defendant committed offenses prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which the maximum term of imprisonment is [10] years or more").

    b.     The nature and circumstances of the offenses are serious. They involve a live minor victim that Johnson communicated with on Snapchat (a social-media application), traveled to pick up in another state, had sex with, and received child pornography from.

2

c. The weight of the evidence against Johnson is strong. The evidence includes victim-interview statements, license plate reader hits, and records from Snapchat responsive to legal process.

d. At the time of Johnson's arrest, he was on probation.

*See* 18 U.S.C. §§ 3142(e)(3)(E) & (g).

7. Upon consideration of the relevant factors under the Bail Reform Act, including the above, as well as any relevant information contained in the Pretrial Services Report, the Court should detain Johnson pending trial.

WHEREFORE, for these reasons, the United States requests the Court to grant this Motion and enter an appropriate order.

Respectfully submitted,

March 6, 2026

BRIAN D. MILLER
United States Attorney

/s/ *K. Wesley Mishoe*
K. Wesley Mishoe (Pa. 321983)
Assistant U.S. Attorney
1501 N. 6th Street, Box 202
Harrisburg, PA  17102
Tel: (717) 614-4909
kenneth.mishoe@usdoj.gov

3