## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:26-CR-00039 |
| | : | |
| v. | : | (Judge Mannion) |
| | : | |
| JIMEL JOHNSON, | : | |
| Defendant. | : | (Filed Electronically) |

### STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Crim. P. 16(d), the United States of America and Defendant, Jimel Johnson, each through counsel, stipulate to the following, and the Court, having reviewed the unopposed motion for protective order, orders the following:

1.     This Protective Order governs all unredacted discovery material produced by the United States to Johnson.

2.     As used herein, "PROTECTED DISCOVERY MATERIAL," includes information concerning a child victim and other potential child victims.

3.     The United States will make available unredacted copies of PROTECTED DISCOVERY MATERIAL to defense counsel to comply with the United States' discovery obligations. Possession of copies of PROTECTED DISCOVERY MATERIAL is limited to the attorneys of record and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (herein collectively referred to as

members of the defense team). The defense team and any other individual who receives PROTECTED DISCOVERY MATERIAL shall maintain such material in a secure manner designed to prevent disclosure to or access by anyone not permitted to receive it under the terms of this Protective Order. This Order shall be binding on any subsequent attorney of record and subsequent defense team unless expressly modified by the Court.

4.    PROTECTED DISCOVERY MATERIAL may be used for this case only (including the preparation of pretrial, trial, and appellate defenses and strategies) and may not be used for any other purpose. The attorneys of record and members of the defense team may display and review PROTECTED DISCOVERY MATERIAL with Johnson and any potential trial or motion witnesses solely for the purpose of preparing the defense in this case. PROTECTED DISCOVERY MATERIAL, and the information contained within such material, may not be produced, provided, shown, or conveyed in any manner to anyone not working on this case under the direction of the attorneys of record except as expressly set forth in this Order. The attorneys of record, defense team, and members of the defense team acknowledge that providing copies of PROTECTED DISCOVERY MATERIAL to Johnson and other persons is prohibited except under

2

the conditions outlined below in paragraphs 4 and 5, and agree not to duplicate or provide copies of PROTECTED DISCOVERY MATERIAL to other persons.

5.    Johnson's attorneys of record are required to provide a copy of this Protective Order to any individual outside the office of Federal Public Defender (or any subsequent counsel of record) who is permitted to receive PROTECTED DISCOVERY MATERIAL under its terms. Such individual must agree in writing to be bound by the terms of this Protective Order before receiving PROTECTED DISCOVERY MATERIAL or any information contained in such material.    The defense team shall maintain a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order.

6.    Johnson shall view the PROTECTED DISCOVERY MATERIAL only as necessary for counsel to prepare the case and only in the presence of defense counsel, or a member of the defense team.

7.    Nothing in this order should be construed as imposing any discovery obligations on the United States or Johnson that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

8.   Any PROTECTED DISCOVERY MATERIAL that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

9.   Under 18 U.S.C. § 3509(m), any contraband or evidence that it is intermingled with contraband may be reviewed by members of the defense team only at a government facility and by appointment. If Johnson's attorneys of record or any member of the defense team believe that such material is not being made reasonably available to the defense team, they shall (1) promptly notify counsel for the United States in writing, (2) specify in detail the grounds for their belief that the material is not being made reasonably available, and (3) specify in detail the conditions under which they believe such material would be made reasonably available.

10. Under 18 U.S.C. §§ 3509(d) and 403, information directly or indirectly identifying a child victim must be kept secure and may not be disclosed to anyone except as necessary to prepare a defense in this case.

11. The provisions of this Order shall not terminate at the conclusion of this prosecution.

12. Any violation of any term or condition of this Order by Johnson, Johnson's attorney(s) of record, or any member of the defense team, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

13. Any PROTECTED DISCOVERY MATERIAL provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within 10 days of the completion of this case before the Court, or, if an appeal is taken, within 10 days of the completion of the case in the United States Court of Appeals for the Third Circuit or Supreme Court of the United States.

14.    If Johnson violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to Johnson's violation.

BY THE COURT:

Dated: 4/21/26

_____, J.