UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:26-CR-39 |
| v. | : | |
| | : | (JUDGE MANNION) |
| JIMEL JOHNSON, | : | |
| Defendant. | : | (Electronically Filed) |

MOTION OF THE UNITED STATES FOR
PRELIMINARY ORDER OF FORFEITURE

COMES NOW the United States of America, by and through Brian D. Miller, United States Attorney for the Middle District of Pennsylvania, and Evelyn Stoner, Assistant United States Attorney, and respectfully moves the court for a Preliminary Order of Forfeiture in the above-captioned case for the reasons set forth below:

1. On July 9, 2026, a Superseding Information was filed charging the defendant with a violation of 18 U.S.C. § 2423(b), Count 1, and giving notice of forfeiture pursuant to 18 U.S.C. § 2428.

2. The Forfeiture Allegation in the Superseding Information includes "[a]ny property, real or personal, used or intended to be used to commit or facilitate the commission of the offense," including, but not limited to:

a. Black Acer Laptop, S/N: NXHBRAA003138008987611; and,

b. Blue Motorola phone with a black case. (Doc. 42).

3. On July 8, 2026, the defendant entered into a Plea Agreement with the United States and agreed to the forfeiture of "[a]ll properties, real and personal, listed in the Forfeiture Allegation of the Indictment/Information." (Doc. 43).

4. During the commission of the offense, the defendant utilized the following property:

a. Black Acer Laptop, S/N: NXHBRAA003138008987611; and,

b. Blue Motorola phone with a black case.

5. The United States seeks forfeiture of all interests in the above referenced property including titled owners, spouses, and any other interested parties.

6. On July 9, 2026, pursuant to a written Plea Agreement with the United States, the defendant pled guilty to the Superseding Information and violation of 18 U.S.C. § 2423 and agreed to the forfeiture of the above-described property pursuant to 18 U.S.C. § 2428. Accordingly, the United States now moves pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure for the entry of a Preliminary Order of Forfeiture, forfeiting the property described in the Superseding Information to the United States.

7. Rule 32.2(b) Federal Rules of Criminal Procedure provides that:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. Rule 32.2(b)(1)(A).
>
> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third-party files a claim in an ancillary proceeding under Rule 32.2(c). Rule 32.2(b)(2)(A).
>
> The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal. Rule 32.2(b)(3).
>
> At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c). Rule 32.2(b)(4)(A).

8. To obtain an order of forfeiture pursuant to Rule 32.2(b), the United States must establish the required nexus between the property and the offense of

conviction by a preponderance of the evidence. *See Libretti v. United States*, 516 U.S. 29 (1995); *United States v. Voigt*, 89 F.3d 1050, 1083 (3d Cir. 1996); *United States v. Gartland*, 540 Fed. Appx. 136, 139 (3d Cir. 2013).

9. Based on the allegations in the Superseding Information, as agreed upon in the Plea Agreement, the United States has established the requisite nexus between the property and the offense to which the defendant has pled guilty. Specifically, the United States has established that the above listed property was used to commit and to facilitate the commission of the offense charged in Count 1. Accordingly, the property is subject to forfeiture to the United States pursuant to 18 U.S.C., § 2428.

10. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 32.2(b)(3), the United States Attorney will, for a period of thirty (30) consecutive days, publish on the government's internet forfeiture website notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. Pursuant to 21 U.S.C. § 853(n), notice will state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under

penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

11. The United States requests that the court give notice that no claim filed with the seizing agency in an administrative proceeding nor any petition filed in a related civil action shall qualify as a petition that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

12. In accordance with the provisions of Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the specific property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

13. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the United States request that it be permitted to conduct discovery in accordance with the Federal Rules of Civil

Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

14. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554, the United States requests that the Preliminary Order of Forfeiture be declared final as to the defendant at the time of sentencing pursuant to the Plea Agreement and be made part of the sentence and included in the judgment.

15. Upon adjudication of all third-party interests, the United States will seek entry of a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

16. As set forth in the Plea Agreement, the defendant concurs with this motion.

WHEREFORE, the United States respectfully requests that:

(1) the court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described above;

(2) the court order the United States or its designee to seize and maintain custody of the forfeited property and dispose of it in accordance with the law upon entry of a final order of forfeiture; and

(3) the Preliminary Order of Forfeiture be incorporated into the court's Judgment and Commitment at sentencing in accordance with Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554.

Respectfully submitted,

BRIAN D. MILLER
UNITED STATES ATTORNEY

By: /s/ Evelyn Stoner
EVELYN STONER
Assistant U.S. Attorney
1501 N. 6th Street
Harrisburg, PA 17102
Phone: 717-221-4482
evelyn.stoner@usdoj.gov

CERTIFICATE OF SERVICE

Pursuant to Standing Order 03-1 and Local Rules 4.2 and 5.7, I hereby certify that the foregoing document was served through electronic case filing on October 7, 2026.

Respectfully submitted,

BRIAN D. MILLER
UNITED STATES ATTORNEY

By: */s/* Joyetta Breazil
JOYETTA BREAZIL
FSA Asset Forfeiture Paralegal
235 N. Washington Avenue, Ste. 311
Scranton, PA 18503
Phone: 570-348-2800
Fax: 570-348-2037
joyetta.breazil@usdoj.gov